IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  ETHICON, INC.,
        PELVIC REPAIR SYSTEM
        PRODUCTS LIABILITY LITIGATION                    MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*Sweeney v. Ethicon, Inc., et al.*                       Civil Action No. 2:12-cv-00807

MEMORANDUM OPINION AND ORDER

Pending before the court is Ethicon, Inc.[1] and Johnson & Johnson's (collectively "Ethicon") Motion for Sanctions [ECF No. 34]. The plaintiff has responded [ECF No. 38], and the defendants have replied [ECF No. 41]. This matter is now ripe for my review. For the reasons stated below, Ethicon's Motion for Sanctions [ECF No. 34] is **DENIED in part** with respect to dismissing the plaintiff's case and **GRANTED in part** with respect to monetary sanctions outlined herein and providing additional time for Ethicon to depose the plaintiff.

I.    Background

The defendants move to dismiss this case because the plaintiff failed to provide a complete Plaintiff Fact Sheet ("PFS"). This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are over 75,000 cases currently pending,

---

[1] Ethicon, LLC has since been dismissed from this case. [ECF No. 45].

approximately 30,000 of which are in the Ethicon MDL, MDL 2327. Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities.

For example, pursuant to Pretrial Order ("PTO") # 17, where a plaintiff's case is chosen for individual discovery, the plaintiff must submit a completed PFS. PTO # 17 ¶ 2(a), MDL 2327 [ECF No. 281]. If the PFS is incomplete, the defendant must send a deficiency letter to plaintiff's counsel within 10 days of receipt, giving the plaintiff 20 days to complete the PFS. *Id.* at ¶ 2(c). If the plaintiff fails to comply with these PFS obligations, he or she may be subject to sanctions. *Id.* at ¶ 2(d).

As a part of this MDL, I ordered the plaintiffs and defendants to select 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson or allege claims only against the Ethicon defendants' products. Once selected, those cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded or transferred to the appropriate court. The instant case was selected as an Ethicon Wave 1 case that is governed by discovery deadlines set forth in PTO # 217. [ECF No. 57]. Pursuant to PTO # 217, the plaintiff was to complete and serve a PFS to Ethicon by October 19, 2015. *Id.*

The plaintiff in this case submitted the PFS within the October 19, 2015 deadline.[2] In accordance with PTO # 17, believing that the PFS was deficient, the defendants sent a Deficiency Letter [ECF No. 34-3] to the plaintiff requesting that an

---

[2] The exact date of service of the PFS is unclear; however, since Ethicon has not raised the issue of timeliness of service, the court will infer that the PFS was served before the deadline.

2

amended PFS be submitted within twenty days. The plaintiff did not submit the PFS to the defendants by this deadline. After subsequent reminders by the defendants, plaintiff's counsel submitted a "supplemental" PFS on November 25, 2015, which the defendants still believed to be deficient. Ex. H [ECF No. 34-8]. The defendants now seek dismissal or a monetary sanction of $100 per day until the deficiencies are cured.

In response, the plaintiff opposes the motion because she alleges she is working in good faith to fully complete the PFS. Plaintiff's counsel acknowledge that much of the delay arose out of difficulties in contacting the plaintiff, who is of advanced age, has recently moved, and is in poor health. However, plaintiff's counsel have been able to establish contact with the plaintiff's daughter, who is in turn trying to work diligently with her parents to complete the PFS. In reply, should the court grant the plaintiff time to cure alleged deficiencies with the PFS, the defendants ask that they also be given additional time to depose the plaintiff in addition to monetary sanctions.

## II. Legal Standard

Federal Rule of Civil Procedure 37(b)(2) allows a court to sanction a party for failing to comply with discovery orders. *See* Fed. R. Civ. P. 37(b)(2) (stating that a court "may issue further just orders" when a party "fails to obey an order to provide or permit discovery"). Before levying a harsh sanction under Rule 37, such as dismissal or default, a court must first consider the following four factors identified by the Fourth Circuit Court of Appeals:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to

produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)).

In applying these factors to the case at bar, I must be particularly cognizant of the realities of multidistrict litigation and the unique problems an MDL judge faces. Specifically, when handling seven MDLs, each containing thousands of individual cases, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and then strictly adhere to those rules, with the purpose to ensure efficient pretrial litigation. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1231–32. Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are the engine that drives disposition on the merits." *Id.* at 1232. And a "willingness to resort to

4

sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

### III. Discussion

Here, the plaintiff failed to submit a fully-completed PFS to the defendants as of the date of this order. While the plaintiff submitted a partial PFS by the original October 19th deadline, the PFS was deficient. I find that the most recent supplemental PFS [ECF No. 34-8] that the plaintiff submitted to the defendants is **not** substantially complete, and still requires the plaintiff complete four remaining questions: Section II. 11; Section III. 8; Section III. 9; and Section VII.

Pursuant to PTO # 17, the defendants seek dismissal of the plaintiff's case or monetary sanctions for the plaintiff's discovery failure. Specifically, the defendants asks for dismissal or a monetary sanction of $100 per day until the alleged deficiencies are cured. The plaintiff responds that these sanctions are inappropriate because the only reason for the discovery deficiency is communication difficulties between the plaintiff and her counsel. The plaintiff proposes the motion be denied. Applying the *Wilson* factors to these facts and bearing in mind the unique context of multidistrict litigation, I conclude that although recourse under Rule 37 is justified, dismissal is not appropriate at this time.

The first factor, bad faith, is difficult to ascertain; the plaintiff failed to timely submit a non-deficient PFS and corresponded sporadically with the defendants about the delay. Without question, the plaintiff has an obligation to actively pursue her case. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962) ("[A] civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit."). Furthermore, as set forth in PTO # 4, "[a]ll attorneys representing parties to this litigation . . . bear the responsibility to represent their individual client or clients." (PTO # 4 ¶ C, *In re: Ethicon Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-002327, entered Apr. 17, 2012, *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html). This includes awareness of and good faith attempts at compliance with all PTOs and other court orders. PTO # 17—*which was jointly drafted by the leadership counsel of both parties*—expressly states that failure to timely submit a PFS could result in sanctions. The plaintiff partially complied with the orders. Although the failure to fully comply does not appear to be callous, the fact that she disregarded the deadline, in full knowledge of the court's orders and discovery deadlines, leads me to weigh the first factor against the plaintiff. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) ("While not contumacious, perhaps, this is a blatant disregard for the deadlines and procedure imposed by the court, [and t]herefore, we conclude that the [plaintiffs] did not act in good faith.").

The second factor—prejudice caused by noncompliance—also leans toward the order of sanctions. The delay in completing the PFS "prejudice[s] the defendants'

ability to proceed with the cases effectively." *In re Phenylpropanolamine*, 460 F.3d at 1234. This is particularly true in a wave case such as this with imminent deadlines. Furthermore, because the defendants have had to divert attention away from timely plaintiffs and onto Ms. Sweeney, the delay has unfairly impacted the progress of the remaining plaintiffs in MDL 2327.

The adverse effect on the management of the MDL as a whole segues to the third factor, the need to deter this sort of noncompliance. When parties fail to comply with deadlines provided in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. This cumbersome pattern goes against the purpose of MDL procedure, and I must deter any behavior that would allow it to continue. *See* H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of establishing MDLs is to "assure the uniform and expeditious treatment" of the included cases).

Application of the first three factors demonstrates that this court is justified in sanctioning the plaintiff. But imposing Ethicon's requested sanction of dismissal or a $100 penalty for each day the plaintiff's PFS was late would offend the court's duty under *Wilson*'s fourth factor, which is to consider the effectiveness of lesser sanctions. Accordingly, the court opts for a lesser sanction and allows Ms. Sweeney one more chance to fully comply with PTO # 17 subject to dismissal with prejudice, upon motion by the defendants, if she fails to do so.

Further, the plaintiff's lateness in attempting to submit a completed PFS to the defendants warrants the payment of expenses. Rule 37(b)(2)(C) requires the

7

disobeying party to pay "the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). I find that the plaintiff's failure to provide a complete PFS was not substantially justified. Addressing this deficiency has resulted in litigation expenses for the defendants. This course of action is consistent with PTO # 17, which warned plaintiff of the possibility of sanctions upon failure to submit a timely PFS. *See* PTO # 17 at ¶ 2(d) ("Any plaintiff who fails to comply with the PFS obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants."). Based on my understanding of the economic and administrative realities of multidistrict litigation, I conclude that a more representative, though still minimal, valuation of the defendants' expenses, and the proper sanction in this case, is in the amount of $1000.

## IV. Conclusion

For the reasons stated above, it is **ORDERED** that Ethicon's Motion for Sanctions [ECF No. 34] is **DENIED in part** with respect to dismissing the plaintiff's case for failing to timely submit the PFS and **GRANTED in part** with respect to appropriate monetary sanctions and providing additional time to depose the plaintiff. It is **ORDERED** that the plaintiff has **until April 5, 2016** to submit to Ethicon a complete PFS that includes responses to the four remaining questions. Regarding Ethicon's request for additional time to depose the plaintiff, the request is **GRANTED**.

It is further **ORDERED** that the plaintiff has until May 6, 2016 to pay BSC **$1000** as minimal partial compensation for the reasonable expenses caused by the plaintiffs' failure to comply with discovery.[3] In the event that the plaintiff does not provide adequate or timely payment, the court will consider ordering a show-cause hearing in Charleston, West Virginia, upon motion by the defendants.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 1, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[3] The court directs Ethicon to communicate with plaintiffs' leadership regarding payment instructions.